UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>VINCENT BRINKLEY,<br><br>Defendant. | CR 23-40016-01<br><br>ORDER DENYING MOTION FOR TRANSFER TO FEDERAL CUSTODY |

Defendant, Vincent Brinkley ("Brinkley") filed a Writ/Motion for Remand to Federal Custody. (Doc. 75.) Brinkley seeks an Order releasing him from state custody and transferring him to federal custody to begin serving his federal prison term. The Government resists the motion. (Doc. 80.)

## BACKGROUND

For purposes of this motion, these are the relevant facts:

1. On October 31, 2022, Brinkley was arrested by the South Dakota State Highway Patrol in Lincoln County, South Dakota. (Doc. 80-1.)

2. On November 2, 2022, Brinkley made his initial appearance in state circuit court in Sioux Falls, South Dakota, on charges of Possession of a Controlled Substance with the Intent to Distribute, Possession of a Controlled Substance in a Motor Vehicle, Keeping a Place for the Use or Sale of Controlled Drug or Substance, Aggravated Eluding, Hit and Run Accident Resulting in Death or Injury, Resisting Arrest, Obstructing Law Enforcement, and Possession of Drug Paraphernalia. (Doc. 80-1.)

3. On November 9, 2022, Brinkley was indicted on the state charges in state circuit court. (Doc. 80-3.)

4. On February 7, 2023, Brinkley was indicted in Federal District Court in Sioux Falls, South Dakota, for Conspiracy to Distribute methamphetamine. At that time, Brinkley was still in the custody of the State of South Dakota. (Doc. 1.)

5. On February 8, 2023, the United States applied for and received a writ of habeas corpus ad prosequendum to have Brinkley transferred from the Minnehaha County Jail to the Federal District Court for his initial appearance and arraignment. (Doc. 7.)

6. On February 9, 2023, Brinkley was arraigned in Federal District Court. He requested to remain in federal custody, and the magistrate judge entered an order for him to be held in the custody of the Attorney General. (Docs. 9 and 10.)
7. On May 8, 2023, Brinkley entered a plea of guilty to the federal criminal charges in Federal District Court. (Doc. 37.)
8. On July 31, 2023, this Court sentenced Brinkley to 120 months in federal prison for Conspiracy to Distribute a Controlled Substance. (Doc. 50.) He was remanded to the custody of the United States Marshal. (*Id.*)
9. On August 1, 2023, Brinkley returned to state court. He entered a plea of guilty to two counts. (Doc. 75-1.) That same day the state court judge imposed a sentence of 15 years with 5 years suspended for Aggravated Eluding, and 10 years with 5 years suspended for Hit and Run Accident Resulting in Death or Injury. The state-court sentences on both counts were ordered to run concurrently, and also to run concurrently with the sentence imposed in this Court. The state court judge gave Brinkley credit for 273 days served in custody, which equals the time Brinkley was in custody beginning with his initial appearance on the state court charges on November 2, 2022.
10. Brinkley began serving his sentence in state custody and remains in the custody of the South Dakota Department of Correction at Mike Durfee State Prison in Springfield, South Dakota. The Department of Corrections website lists his initial parole date as November 2, 2026. (Doc. 80-4.)

## DISCUSSION

Brinkley asks this Court to release him from state custody and remand him to federal custody to begin serving his federal prison term. Brinkley lists the reasons for the request to be transferred to federal custody: to begin classes that will help him become a productive citizen, to establish a stable address and be a part of his children's lives, to establish roots in federal prison so that he can work to prove he deserves an early release, and to visit his children because their mother prefers to wait to let them visit him until he is in federal prison. (Doc. 77.) Brinkley cites no legal authority that would allow this Court to give him the relief he seeks.

It is well established that a "person who has violated the criminal statutes of both the federal and a state government may not complain of the order in which he is tried or punished for such offenses." *Vanover v. Cox,* 136 F.2d 442, 443–44 (8th Cir. 1943). The federal and the state governments can "arrange the order of trial and punishment according to their convenience." *Id.* at 444. As succinctly explained by the Ninth Circuit:

> Determination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns. Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign. This discretionary election is an executive, and not a judicial, function.

*United States v. Warren,* 610 F.2d 680, 684–85 (9th Cir. 1980) (holding that district court's attempt to transfer defendant from state to federal custody violated fundamental principles of comity and separation of powers). The Eighth Circuit has adopted these same principals. *See, e.g., Derengowski v. United States Marshal,* 377 F.2d 223 (8th Cir. 1967) ("The exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner.")

The State of South Dakota arrested Brinkley and it has priority of jurisdiction for purposes of his incarceration. This Court does not have authority to transfer Brinkley from state to federal custody. Accordingly,

**IT IS ORDERED** that Defendant Brinkley's Writ/Motion for Remand to Federal Custody is denied. (Doc. 75.)

Dated this 6th day of May, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK